People v Serrano (2024 NY Slip Op 03834)

People v Serrano

2024 NY Slip Op 03834

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-05263
 (Ind. No. 928/18)

[*1]The People of the State of New York, respondent,
v
Ricky Serrano, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Avshalom Yotam, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered April 8, 2019, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator beyond a reasonable doubt (see People v Gordon, 226 AD3d 700).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court